# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 1:18-cv- ) |
| FATHERS and BLESSINGS, INC., and DEMETRIUS WALKER | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, by its Attorneys, CARLSON LAW OFFICES, and for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 against Defendants FATHERS and BLESSINGS, INC., and DEMETRIUS WALKER states as follows:

### THE PARTIES

1. ATLANTIC CASUALTY INSURANCE COMPANY ("ATLANTIC CASUALTY") is a corporation incorporated under the laws of the state of North Carolina, having its principal place of business in the State of North Carolina.

2. Defendant FATHERS and BLESSINGS, INC. ("FAB") is a corporation incorporated under the laws of the State of Illinois, having its principal place of business in the County of Cook, State of Illinois.

3. Defendant DEMETRIUS WALKER ("WALKER") is the President and Principal of FAB and resides in the County of Cook, State of Illinois.

1

## JURISIDICTION AND VENUE

4. Jurisdiction is proper in this this court pursuant to 28 U.S.C. § 1332 (a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this civil action is between citizens of different States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(1) and (2), in that Defendants FATHERS AND BLESSINGS, INC. and DEMETRIUS WALKER reside in this Judicial district and a substantial part of the events or omissions giving rise to the Claim at issue occurred in this Judicial District.

## FACTS

6. On September 25, 2017, there was a fire at the Fabulous Unique Resale Shop located at 15401 Cottage Grove Ave., Dolton, IL, which is owned and operated by FAB and WALKER ("the Fire").

7. As a result of the Fire, FAB and WALKER made a property claim to ATLANTIC well in excess of $75,000 (hereafter "the Claim").

8. In connection with the investigation of the Claim, ATLANTIC has devoted substantial resources to interviewing numerous witnesses, taking the sworn statement of WALKER, gathering relevant documents and information, including not only from WALKER, but others.

9. As a result of this investigation, ATLANTIC believes there have been material misrepresentations and omissions in the Claim made under the Policy, which in ATLANTIC's opinion voids the Claim presented pursuant to the relevant policy provisions.

10. ATLANTIC and FATHERS AND BLESSINGS, INC. entered into a policy of liability insurance, Policy No. L106003771, which was effective June 11, 2017 to June 11, 2018

(hereafter "the ATLANTIC Policy"). A true and correct copy of the ATLANTIC Policy is attached hereto as Exhibit 1.

11. The ATLANTIC Policy provides in relevant part as follows:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

    **A.**    **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

    **1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

    **a. Building**, meaning the building or structure described in the Declarations, including:

    **(1)** Completed additions;
    **(2)** Fixtures, including outdoor fixtures;
    **(3)** Permanently installed:
        (a) Machinery and
        (b) Equipment;

    **(4)** Personal property owned by you that is used to maintain or service the building or structure or its premises, including:

        **(a)** Fire-extinguishing equipment;
        **(b)** Outdoor furniture;
        **(c)** Floor coverings; and
        **(d)** Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

    **b. Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open or in a vehicle within 100 feet of the building or structure or within 100 feet of the premises described in the declarations, whoever distance is greater.

    **(1)** Furniture and fixtures;

 **(2)** Machinery and equipment;
 **(3)** "Stock"
 **(4)** All other personal property owned by you and used in your business
 **(5)** Labor, materials or services furnished or arranged by you on personal property of others;
 **(6)** Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or addition:

  **(a)** Made a part of the building or structure you occupy but do not own; and
  **(b)** You acquired or made at your expense but cannot legally remove;

***

### 3. Duties In The Event Of Loss Or Damage

**a.** You must see that he following are done in the event of loss or damage to Covered Property:

 **(1)** Notify the police if a law may have been broken.
 **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
 **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.
 **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
 **(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
 **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

 Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

      **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
      **(8)** Cooperate with us in the investigation or settlement of the claim.

  **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

  **A. CONCEALMENT, MISREPRESENTAION OR FRAUD**

    This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

    1. This Coverage Part;
    2. The Covered Property;
    3. Your interest in the Covered Property; or
    4. A claim under this Coverage Part.

12. Pursuant to the Policy, any intentional concealment or misrepresentation of a material fact voids any Claim presented under this coverage part of the Policy.

13. The acts of intentional concealment and misrepresentations of FAB and WALKER in connection with the Claim include, but are not limited to:

    a. Submitting financial documents that are inaccurate, misleading, and which omit material information.

    b. Vastly misrepresenting the amount of inventory present at the time of the Fire.

    c. Vastly misrepresenting the value of inventory present at the time of the Fire.

d.  Refusing or failing to supply records and documents supporting the Claim submitted.

   e.  Representing that items claimed to be destroyed in the Fire which were in storage at another location.

   f.  Misrepresenting the inventory of FAB in connection with the Claim.

   g.  Misrepresenting the financial obligations of FAB, including its payments and liability for rent at the premises of FAB.

   h.  Misrepresenting the financial condition of FAB.

   i.  Using the financial resources of FAB for the personal purposes of WALKER.

   j.  Misrepresenting that FAB paid for automobiles to be used in a car raffle, which had not been paid, and were not of the assets of FAB.

14. ATLANTIC asserts that one or more of the above misrepresentations and omissions voids the Policy and any Claim presented under the Policy, and any other coverage for any portion of the Claim under this coverage part of the Policy.

15. As a result of these material misrepresentations and omissions, Defendants are precluded from proceeding with the Claim under the Policy in connection with the Fire.

16. Consequently, ATLANTIC has no duty to FAB and WALKER under the ATLANTIC Policy in connection with the Claim as any and all coverages under the Policy are void and of no effect.

17. An actual controversy exists between the Plaintiff and the Defendants herein, and pursuant to the terms and provisions of 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto, and to grant such other and further relief as may be necessary.

WHEREFORE, Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY, respectfully requests that this Court:

A) Determine and adjudicate the rights and liabilities of the parties hereto;

B) Find and declare that WALKER and FAB made material misrepresentations and omissions in connection with the Claim;

C) Find and declare that as a result of these material misrepresentations and omissions, that the Claim in connection with the fire under the Policy is void and of no effect;

D) Find and declare that any property coverage under the Policy in connection with the Claim is void and of no effect;

E) Find and declare that WALKER and FAB have no rights under the Policy in connection with the Fire;

F) Grant such other and further relief as this Court deems fit and proper under the evidence and circumstances.

                                              Respectfully submitted,

                                              **CARLSON LAW OFFICES**

                                              <u>/s/ Keith G. Carlson</u>
                                              Keith G. Carlson, One of the Attorneys for Plaintiff, ATLANTIC CASUALTY INSURANCE COMPANY

Keith G. Carlson
Jeffery A. Bier
**CARLSON LAW OFFICES**
Two N. LaSalle Street, Ste. 1800
Chicago, IL 60601
312-627-1212
keith@carlson-law-offices.com
ARDC #06194752